Good morning. May it please the Court, I'm William Lader for the Plaintiff Appellant in this case. The plaintiff was falsely arrested for prostitution and procurement activities, filed his case using the pseudonym John Doe and wishes to continue that. The defense had originally agreed to not challenge that until we got past the initial settlement stages and basically forced our hand during discovery to file our motion to proceed anonymously, which was denied by the lower court. The main case that controls this sort of thing in the Ninth Circuit is the advanced textile case, which was cited in in both briefs, which, contrary to defendants argument, allows these types of filings where harassment, injury, ridicule or embarrassment are involved. And it also suggests that the lower court must determine at each stage of the litigation. Yeah. If I'm not if I recall the record correctly, it was a criminal trial. Correct. In the state, he was found not guilty. That was all public, right? That was public. Records. There are. They may be expunged in the future. Today they exist. Today they do exist. Why doesn't that cause the embarrassment? Oh, it does. And and has had some effect, but it's not going. It doesn't have as much effect as civil case in federal court. Why is that? Would because it's federal court and there are more. My client seeks employment in other places besides the state of Oregon or the city of Portland, for that matter. In fact, he's currently residing in Seattle where they're more likely to pick up on these federal cases. There may be an employment application. Ever been charged with a crime. True. And he would have to put down. That's true. But what I'm suggesting is that that's a different issue than is before this case, this court, which is whether the federal case should be allowed to proceed anonymously. He can take measures to to expunge or whatever the lower or the state court finding independently. He didn't present to the district court any evidence that he had been harassed, humiliated. Other than his own statement, he was afraid of that. Correct. He is afraid of that. And in fact, that has happened. Well, he in some cases in applying for jobs, he's pulled back his his resume when it comes to the point when where he has to disclose that kind of thing. In other cases, he has disclosed it. The other cases that I've cited. Well, the only Ninth Circuit case I believe which is relevant is that advanced textile case. But there's a laundry list of other cases from other circuits and other districts where the sort of thing, homosexuality, pregnancy, disease, religion, a little bit different. Well, they're all a little bit different, but they're not. I don't think they're substantially qualitatively different. I don't think they're qualitatively different. I think that the stigma of of prostitution procurement is at least as great as the stigma of being homosexual. But his his his 1983 case is all about, I guess, a Fourth Amendment violation. True. Yes. Or a malicious prosecution. Correct. Now, what is that what the case is all about? Well, it's for for lack of a proper basis for arrest. Problem. Correct. Correct. Right. Yes. And the constitutional question. What's the big what's embarrassing about that? About being arrested for prostitution procurement, not alleging that he was arrested without probable cause. Well, it's the fact that he's ultimately prevailed in his criminal trial. Well, he's going to be tied, tied to this complaint of prostitution procurement. He didn't have to. I mean, there's no proof of innocence. He was found not guilty. And I think that that carries. Let me ask you this. The fact that he was charged carries. This is if we were to affirm the district court's ruling. He dismissed his case. I don't know. We haven't discussed that completely. I don't believe we would. But in weighing who who's going to be most affected by this, the city has absolutely no interest in legitimate interest in disclosing his identity other than a strategic one that he might dismiss his case. And whereas Mr. Plaintiff's case may or may not hinge on whether he's allowed to proceed. And the advanced textile case makes it fairly clear that each stage of the case, the court can review whether it's appropriate now to have him disclose his name or not, or whether the balance is still in his favor in terms of of of whose interest is at stake. The public has no great interest in finding out his his true name. And there's still the issues are still going to be publicly litigated. I guess I'd like to reserve the rest of my time. Thank you. Thank you, Matt. Please. The court. My name is Harry. I'll go back. And I represent the appellees, the city of Portland and three of its police officers. This case begins and ends with the standard of review, which is abuse of discretion. The trial court is vested with the choice of whether to permit anonymous prosecution of claims or not. And the question here is whether the court abused its discretion, acted beyond the the bounds of of the choices that the court was permitted to make. And the answer to that is clearly it did not. The the interest that needs to be weighed is is not so much the city's interest in proceeding against a named individual, although we have one because of the way that the plaintiff attempts to use his desire to proceed anonymously as a shield against discovery. That's a matter ultimately the district court will have to work out. But the interest is the public interest, as this court has stated in the Doe's case, in the the public access to open courts and in the commands of the federal rules themselves, that that the pleadings list the actual names of the parties. The question is whether the plaintiff produced sufficient record that would require the court, the district court to act otherwise than it did in denying the motion. He simply did not. And as this court pointed out, the main reason for that is that he's not anonymous. He was he brought this case in 2006. I believe the arrest occurred a couple of years before that. And all that time, those records of his arrest and prosecution in his true name have been in the public record. And he's done nothing to seek to expunge them and which which is a procedure that is available to him under state law. So there's there's nothing to be gained in terms of protecting any interest that the plaintiff has in whatever embarrassment he feels, because it's all still a matter of public record. And as a practical matter, when employers are seeking information about potential employees, it's at least not my understanding, I don't know if the record says anything about this, but it's not my understanding they start looking for federal lawsuits. They ask people, as the court inquired, have you been accused or convicted of a crime? And they check for criminal records. And that information is is still there. The plaintiff has made no showing that proceeding in his true name here is going to add anything to the to the information that potential employers are going to find out about him. And my last point is that the court weighed the factors appropriately, looked at the reasons that the cases have and have not allowed this type of pleading and made an appropriate determination that the type of harm that the plaintiff claims he's going to suffer by reason of proceeding in his true name is not the sort of thing that is usually sufficient to warrant anonymous prosecution of cases. So the court acted within the bounds of its discretion. Its decision should be affirmed. If there are no questions. Thank you very much. Thank you. Administer Tho for rebuttal. Very briefly, Your Honor, the in the lower court argument, the court didn't really consider as as counsel suggested what the types of embarrassment would warrant proceeding anonymously. In fact, there's a comment in the record that the judge discounted this type of motion as one that was used for children's cases. And I don't think that he properly understood. The other thing that I don't that I don't think he understood was that there are mitigating measures that can be taken short of just a blanket. Yes, you can proceed anonymously. We can black out the names of everybody all the way through discovery. Those types of things could have been worked out at that stage so that at least it would proceed more slowly. Thank you. Thank you. Matters is submitted. Our next case for argument is Asheville Farms versus Leachman. Thank you. Thank you.
judges: Paez, Rawlinson, Collins